# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10152
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDRIC NORVELL ROBINSON, SR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-418-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Edric Norvell Robinson, Sr., pleaded guilty to sex trafficking of children, in violation of 18 U.S.C. § 1591(a), (b)(2), and was sentenced to 216 months of imprisonment, a downward variance from the guidelines range. On appeal, Robinson argues that the district court clearly erred by applying a two-level enhancement for "undue influence" of his victim, "Jane Doe," pursuant to U.S.S.G. § 2G1.3(b)(2)(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10152

This court reviews the district court's application of the Sentencing Guidelines de novo and its findings of facts for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). To apply a sentencing enhancement, the district court must find facts supporting the enhancement by a preponderance of the evidence. *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009). If the district court's findings are plausible in light of the record as a whole, there is no clear error. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012).

Under § 2G1.3(b)(2)(B), an offender should receive a two-level increase if he "otherwise unduly influenced a minor to engage in prohibited sexual conduct." The commentary instructs the district court to "closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." § 2G1.3(b)(2), cmt. n.3(B). When the offender is at least 10 years older than the minor, there is a rebuttable presumption that the enhancement applies. *Id.*

While he admits that the presumption of undue influence applied based on his and Doe's respective ages, Robinson argues that he rebutted the presumption by showing that Doe engaged in prostitution before she became involved with him in the instant offense. However, this court has found that evidence of the victim's prior prostitution is insufficient to rebut the presumption. *Anderson*, 560 F.3d at 283. Moreover, the evidence showed that Robinson controlled Doe's accommodations, transportation, and communication. Therefore, the district court's findings of fact were plausible in light of the record as a whole. *See Serfass*, 684 F.3d at 550.

The district court's determination that the preponderance of the evidence supported the enhancement was not clearly erroneous. *See Anderson*, 560 F.3d

at 283; *Cisneros-Gutierrez*, 517 F.3d at 764.  Accordingly, Robinson's sentence is AFFIRMED.